GARRISON, Judge,
dissenting.
I respectfully dissent from the majority opinion.
Pearl Corporation’s posture at the trial below was that it continued to be the true and bona fide holder of the note and evidence was adduced in that regard. In any case, there is too much confusion about the legal and physical status of this to support a decision in favor of defendant.
Knesel testified that he was given the second mortgage note at the act of sale on June 18,1971 by William Bosworth, Jr. He specifically identified the younger Bosworth at trial and stated that he knew the senior Bosworth as well. Bosworth, Jr. testified not only that he did not give the note to Knesel but also that he was not even present at the act of sale.
Knesel testified that he retained continuous possession of the note from 1971 through 1980 when he had the mortgage cancelled in the Orleans Parish Mortgage Office. In contradiction of this, Bosworth, Jr. testified that he had kept the note in a breakfront chest in his livingroom at 7512 Willow Street. Bosworth, Jr. lived in the other half of the double purchased by Kne-sel at the act of sale on June 18, 1971. Bosworth, Jr. further testified that he had used the note as collateral for loans made to him by Jimmy Moran and that the note was returned to him by Moran in 1975.
This testimony was corroborated by the testimony offered in proffer of Augustus Boyd, Jr., who stated that over the Christmas holidays of 1975 he saw the note. This proffer should have been accepted as evidence with regard to Boyd’s viewing of the actual note in Bosworth’s — rather than Knesel’s — possession.
Boyd further testified that he had had occasion to see Knesel in Bosworth’s half of the house when Bosworth was not home. And Knesel testified that he did have a key to Bosworth’s apartment.
The manifest error rule is a strong, even overpowering, presumption in favor of the status quo as defined below. In this particular case, however, I believe that manifest error has occurred and the case should be reversed because of the impeachment of Knesel or, at the very least, remanded in order to further explore the possibilities alluded to above.